UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KELVIN HAMPTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-01779-TWP-DLP |
| DUSHAN ZATECKY, KRYPEOS, RUZI, HAMMON, V. SHEPHERD, LAURA BODKIN, | ) |
| Defendants. | ) |

**Entry Screening Amended Complaint and Directing Further Proceedings**

Plaintiff Kelvin Hampton, an inmate at Pendleton Correctional Facility, filed this civil action against eight defendants, pursuant to 42 U.S.C. § 1983. The defendants include Warden Dushan Zatecky, Assistant Warden Duane Alsip, K-9 Officer Mr. Krypeos, Custody Officer Mr. Ruzi, K-9 Officer Mr. Hammon, Grievance Specialist V. Shepherd, Administrative Assistance Laura Bodkin, and Dr. Paul A. Talbot, M.D. Mr. Hampton seeks money damages and treatment by a medical specialist.

For the reasons explained below, certain claims raised in the amended complaint are dismissed while other claims shall proceed as submitted.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a

defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To state a cognizable claim under the federal notice pleading system, the complaint must contain a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt., Inc.*, 812 F.3d 599, 601–02 (7th Cir. 2016) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II. The Amended Complaint

On January 11, 2019, Mr. Hampton was in H-Cell House and the facility was on a modified lockdown because of a staff shortage. Assistant Warden Alsip instructed the custody staff officer working H-Cell House to let the inmates out to work. When the cell doors were

opened, the offender in cell 23-2 assaulted Mr. Hampton with a shank and a lock in a sock causing severe injuries to Mr. Hampton. Officer Krypeos was on the unit and when he realized an assault was occurring, he called an emergency signal for back up. Officers Krypeos, Ruzi and Hammon responded.

Applying the screening standard to the facts alleged in the complaint, the following claims are dismissed for failure to state a claim upon which relief may be granted.

Claims against Veyona Shepherd and Laura Bodkins are **dismissed**. The only allegation against them is that Mr. Hampton "filed his informal and formal grievances on the incident" and that Ms. Shepherd and Ms. Bodkins failed to properly review, investigate, and respond to his grievance. Dkt. 13 at 4-5. These allegations do not suggest a plausible basis for concluding that Ms. Shepherd or Ms. Bodkins caused or participated in the decision to allow another inmate to attack Mr. Hampton and then deny him access to necessary medical care. *See Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006). Merely acting or not acting on Mr. Hampton's complaints did not cause the underlying denial of rights alleged. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. Cir. 2007) ("Only persons who cause or participate in the violations are responsible"; an official "who rejects an administrative complaint about a completed act of misconduct does not [cause or contribute to the violation]").

Mr. Hampton alleges that Warden Dushan Zatecky and Assistant Warden Duane Alsip, failed to properly command, train, control or review the other correctional officers. Claims against these supervisory defendants are **dismissed** because there is no factual basis to conclude these supervisory defendants had personal involvement in the alleged constitutional deprivation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). "Liability under § 1983 is direct

rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). In addition, a failure to train claim cannot be maintained against these individual state defendants. This is because "failure to train claims are usually maintained against municipalities, not against individuals, and, in the Eighth Amendment context, such claims may only be maintained against a municipality." *Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005) (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 739-40 (7th Cir. 2001).

The following claims shall proceed as submitted.

The claim that Officers Krypeos, Ruzi and Hammon violated Mr. Hampton's Eighth Amendment rights by failing to protect him from attack and failing to provide prompt medical treatment shall proceed as submitted. The claim that Dr. Talbot was deliberately indifferent to Mr. Hampton's serious medical needs following the attack, shall also proceed as submitted.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through September 19, 2019**, in which to identify those claims.

### III. Service of Process

The **clerk is directed** to **terminate** defendants Warden Dushan Zatecky, Grievance Specialist V. Shepherd, and Administrative Assistant Laura Bodkin as defendants on the docket. The **clerk is directed** to **add** Paul A. Talbot, M.D., as a defendant on the docket.

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants 1) K-9 Officer Mr. Krypeos, 2) Custody Officer Mr. Ruzi, 3) K-9 Officer Mr. Hammon, and 4) Dr.

Paul A. Talbot, M.D., in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on July 26, 2019, dkt [13], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

**IT IS SO ORDERED.**

Date: 8/21/2019

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KELVIN HAMPTON
900142
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to:

    K-9 Officer Mr. Krypeos,
    Custody Officer Mr. Ruzi,
    K-9 Officer Mr. Hammon
    (All at Pendleton Correctional Facility)

Dr. Paul A. Talbot, M.D.
PENDLETON CORRECTIONAL FACILITY
4490 West Reformatory Road
PENDLETON, IN 46064

Courtesy copy to:

Douglas Bitner
Katz Korin Cunningham PC
334 North Senate Avenue
Indianapolis, IN 46204-1708