UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KELVIN HAMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01779-TWP-DLP |
| | ) | |
| PAUL A. TALBOT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT
OR FOR RELIEF FROM JUDGMENT**

This matter is before the Court on Plaintiff Kelvin Hampton's ("Mr. Hampton") second post-judgment motion, which seeks relief under Rules 59(e) and 60(b)(1) of the Federal Rules of Civil Procedure. For the reasons below, Mr. Hampton's motion, dkt. [82], is **DENIED**.

## I.    PROCEDURAL HISTORY

Mr. Hampton brought this action alleging, among other things, that defendant Dr. Paul A. Talbot ("Dr. Talbot") was deliberately indifferent to his serious medical needs after Mr. Hampton was attacked by another inmate. On July 26, 2021, the Court granted Dr. Talbot's motion for summary judgment and entered final judgment. Dkt. 77; dkt. 78. Mr. Hampton moved for relief from judgment, incorrectly asserting that the Court mistakenly treated Dr. Talbot's motion for summary judgment as unopposed. Dkt. 79. The Court denied that motion. Dkt. 81. Mr. Hampton then filed the motion now before the Court, arguing that the Court should grant relief under Rule 59(e) or Rule 60(b)(1) based on purported new evidence that Dr. Talbot's former employer, Wexford Health Sources, Inc. ("Wexford"), had a policy of using physician review processes to limit offsite medical treatment.

## II.    <u>LEGAL STANDARDS</u>

Rule 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (cleaned up). Mr. Hampton seeks relief based on newly discovered evidence. To set aside the judgment based on new evidence, he must show that he "exercised due diligence to discover the new evidence" and that the evidence "would probably produce a new result." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013).

Rule 60(b)(1) authorizes a court to provide relief from judgment based on "mistake, inadvertence, surprise, or excusable neglect." Relief under Rule 60(b) is "an extraordinary remedy … granted only in exceptional circumstances." *Davis v. Moroney*, 857 F.3d 748, 751 (7th Cir. 2017).

## III.    <u>DISCUSSION</u>

Mr. Hampton is not entitled to relief under either rule because the new evidence he presents would not have changed the result in this case. Mr. Hampton did not sue Wexford, and the evidence of a practice or policy would not have precluded summary judgment for Dr. Talbot. Indeed, Mr. Hampton does not make clear why he believes the evidence about Wexford's policy was relevant. Perhaps Mr. Hampton believes the evidence supports his claim that Dr. Talbot unnecessarily delayed ordering an x-ray or CT scan. But here's how the Court assessed that claim on summary judgment: "There is no evidence that Dr. Talbot failed to exercise reasonable medical judgment when he did not order an immediate x-ray or CT scan. And just as importantly, there is no evidence that a quicker x-ray or CT scan would have helped Mr. Hampton's condition in any way." Dkt. 77 at 6. Even if Wexford maintained an unconstitutional policy of improperly delaying outside treatment—and Mr. Hampton has not presented nearly enough evidence for the Court to

reach that conclusion—it would not change the lack of evidence to show that an earlier x-ray or CT scan would have helped Mr. Hampton's condition in any way.

## IV.   <u>CONCLUSION</u>

Because Mr. Hampton's post-judgment evidence would not have changed the result on summary judgment, and because he has presented no other basis for relief from judgment, his post-judgment motion, dkt. [82], is **DENIED**.

**IT IS SO ORDERED.**

Date:   1/31/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KELVIN HAMPTON
900142
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Zachary Robert Griffin
INDIANA ATTORNEY GENERAL
zachary.griffin@atg.in.gov

Mollie Ann Slinker
INDIANA ATTORNEY GENERAL
mollie.slinker@atg.in.gov

Erika Lauren Steuerwald
KATZ  KORIN CUNNINGHAM, P.C.
esteuerwald@kkclegal.com